UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAWNDA TRENISE LOOKADOO                           CIVIL ACTION

                                                   NO. 22-121
VERSUS
                                                   SECTION M (1)
WINN-DIXIE STORES, INC., *et al.*

# ORDER

Before the Court is a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure[1] filed by defendants Winn-Dixie Montgomery, LLC[2] and Mike Piazza (together, "Defendants"). The motion was set for submission on March 24, 2022.[3] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which, in this instance, was March 16, 2022. Plaintiff Shawnda Trenise Lookadoo, proceeding *pro se* and *in forma pauperis*, did not file an opposition.[4] Accordingly, because the motion is unopposed and appears to have merit,[5]

---

[1] R. Doc. 6.
[2] Winn-Dixie Montgomery, LLC notes that it was incorrectly named as Winn-Dixie Store, Inc. in the complaint. *Id.* at 1.
[3] R. Doc. 6-2.
[4] "Pro se litigants are not exempt from compliance with the rules of procedure." *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Accordingly, all parties – regardless of representation – have the responsibility to comply with court rules.
[5] This case arises out of an alleged injury sustained in the parking lot of a Winn-Dixie store. R. Doc. 6-1 at 1. Lookadoo asserts that she was injured by a malfunctioning shopping cart. R. Doc. 1 at 4. In her complaint, Lookadoo alleges that she is a citizen of Louisiana. *Id.* at 3. So, too, with individual defendant Piazza. *Id.* Accordingly, Defendants argue that because there is not a complete diversity of citizenship, the Court lacks subject-matter jurisdiction and the case must be dismissed. R. Doc. 6-1 at 3. The Court agrees.
   Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge a court's subject-matter jurisdiction. "[A] claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quoting *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012)). The party asserting

IT IS ORDERED that Defendants' motion to dismiss (R. Doc. 6) is GRANTED, and Lookadoo's claims against them are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 17th day of March, 2022.

                                          BARRY W. ASHE
                                          UNITED STATES DISTRICT JUDGE

---

jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Id.* "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 F. App'x 235, 239 (5th Cir. 2018) (citing *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)).

    Pursuant to 28 U.S.C. § 1332, a federal court may exercise diversity subject-matter jurisdiction "over a civil action between citizens of different States if the amount in controversy exceeds $75,000." *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016). There must be complete diversity between the parties, meaning that no plaintiff may be a "citizen of the same State as any defendant." *Id.* at 136. Moreover, "[t]he amount in controversy must be either facially apparent or established by a preponderance of the evidence." *Albe v. Lenter*, 2019 WL 95468, at *2 (E.D. La. Jan. 3, 2019) (citing *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003)). A plaintiff must "distinctly and affirmatively" allege the basis for diversity jurisdiction. *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020). Failure to do so "mandates dismissal." *Id.*; *see also Payton v. Bizal*, 2021 WL 430688, at *3 (E.D. La. Feb. 8, 2021).

    Here, according to the complaint, Lookadoo and Piazza are both citizens of Louisiana. Therefore, complete diversity of citizenship does not exist. Because the Court cannot exercise diversity jurisdiction, and there being no federal question such that it could exercise jurisdiction under 28 U.S.C. § 1331, Lookadoo's complaint must be dismissed for want of subject-matter jurisdiction.